# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO AT CINCINNATI

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **v.** | |
| MICHAEL PEPPEL | CASE NUMBER: 3:06-CR-196 |
| | USM NUMBER: 44441-061 |

**DATE OF ORIGINAL JUDGMENT:** JUNE 4, 2013
(OR DATE OF LAST AMENDED JUDGMENT)

RALPH W. KOHNEN, ESQ.
DEFENDANT'S ATTORNEY

**REASON FOR AMENDMENT:**

- [ ] CORRECTION OF SENTENCE ON REMAND (18 U.S.C. 3742(F)(1) AND (2))
- [ ] REDUCTION OF SENTENCE FOR CHANGED CIRCUMSTANCES (FED. R. CRIM. P. 35(B))
- [ ] CORRECTION OF SENTENCE BY SENTENCING COURT (FED. R. CRIM. P. 35(A))
- [■] CORRECTION OF SENTENCE FOR CLERICAL MISTAKE (FED. R. CRIM. P. 36) **TO CORRECT INSTITUTIONAL RECOMMENDATION ONLY**

- [ ] MODIFICATION OF SUPERVISION CONDITIONS (18 U.S.C. §§ 3563(C) OR 3583(E))
- [ ] MODIFICATION OF IMPOSED TERM OF IMPRISONMENT FOR EXTRAORDINARY AND COMPELLING REASONS (18 U.S.C. § 3582(C)(1))
- [ ] MODIFICATION OF IMPOSED TERM OF IMPRISONMENT FOR RETROACTIVE AMENDMENT(S) TO THE SENTENCING GUIDELINES (18 U.S.C. § 3582(C)(2))
- [ ] DIRECT MOTION TO DISTRICT COURT PURSUANT TO
  - [ ] 28 U.S.C. § 2255 OR
  - [ ] 18 U.S.C. § 3559(C)(7)
- [ ] MODIFICATION OF RESTITUTION ORDER (18 U.S.C. § 3664)

THE DEFENDANT:
- [✔] pleaded guilty to count(s): <u>One, Seventeen and Twenty-Four of the Indictment</u>.
- [ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.
- [ ] was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count(s) <u>2-16, 18-23, and 25-32 of the Indictment</u> are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States Attorney of any material change in the defendant's economic circumstances.

June 10, 2013
Date of Imposition of Judgment

_/s/_
Signature of Judicial Officer

**SANDRA S. BECKWITH**, United States Senior District Judge
Name & Title of Judicial Officer

6/10/13
Date

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§371 and 1349 | Conspiracy to Commit Securities Fraud | | One |
| 18 U.S.C. §1350 | Willful False Certification of a Financial Report | | 17 |
| 18 U.S.C. §1957 | Money Laundering | | 24 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>Two Years on each of Counts One, Seventeen and Twenty-Four, terms to run concurrently, with credit for Seven Days already served.</u>

[X] The court makes the following recommendations to the Bureau of Prisons:
Defendant shall be assigned to Manchester, Kentucky FPC or the closest appropriate facility to Cincinnati, Ohio. The BOP must explain to this Court why this placement recommendation was not honored in the event of an alternate placement.

[ ] The defendant is remanded to the custody of the United States Marshal.

[X] The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [X] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 2:00 p.m. on ___.
    [ ] as notified by the United States Marshal but no sooner than
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on_____ to _____
at _____ , with a certified copy of this judgment.

 

UNITED STATES MARSHAL

By _____
    Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Three Years, with credit for time already served on supervised release .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

[X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

14) Defendant shall participate in random drug testing, at the probation officer's direction.

15) Defendant shall complete a mental health assessment and follow all treatment recommendations, including adherence to prescribed medication.

16) Defendant shall obtain no new credit, loans, or accrue new charges on existing credit lines absent prior approval from the probation officer.

17) Defendant shall disclose all financial information as requested by the probation officer.

18) Defendant shall not be employed or act as Chief Financial Officer, Chief Executive Officer, or as a board member for any company or business while on supervised release.

19) Defendant shall disclose his criminal conduct to all future potential employers.

20) Defendant shall perform no less than 30 hours of community service each year during his term of supervised release in which he may share the lessons he has learned from his actions, such as speaking to business ethics and/or business development classes or with City Gospel Mission and Greenworks Recycling, or other similar activities, in consultation with his probation officer.

AO 245B (Rev. 09/08) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:06-CR-196 | Judgment - Page 5 of 8 |
| DEFENDANT: | Michael E. Peppel | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 300.00 | $ 5,000,000.00 | $ n/a |

[ ] The determination of restitution is deferred until _. An amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order of percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | *Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ ___ | $ ___ | |

[ ] Restitution amount ordered pursuant to plea agreement $____

[] The defendant must pay interest on restitution and a fine of more than $2500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✔] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ] The interest requirement is waived for the    [✔] fine    [] restitution.

    [ ] The interest requirement for the    [] fine    [] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [✓] Lump sum payment of $ 5,000,300.00 due immediately, balance due

    [ ] not later than   or
    [] in accordance with   [ ] C,   [ ] D,   [ ] E, or   [XX] F below; or

B [ ] Payment to begin immediately (may be combined with   [ ] C   [ ] D, or   [ ] F below); or

C [ ] Payment in equal installments of $ over a period of , to commence days after the date of this judgment; or

D [ ] Payment in equal installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within 30 days after release from imprisonment. The Court will set the payment plan based on an assessment of the Defendant's ability to pay at that time based upon the probation officer's recommendation in consultation with the Defendant.

F [ ] Special instructions regarding the payment of criminal monetary penalties:

[X] While incarcerated in the Bureau of Prisons, the Defendant shall pay at least $25.00 per quarter toward the monetary obligations if assigned a non-UNICOR or grade 5 UNICOR job; or at least 50% of his monthly pay if assigned a UNICOR grade 1-4 job. WIthin thirty days of the commencement of the term of supervised release, Defendant shall pay the balance of his obligations at a rate of at least $10 per month. The Court will reassess the Defendant's ability to pay from time to time upon the probation officer's recommendation or the Defendant's petition to reassess his ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several (Defendant and Co-Defendant names and Case Numbers, Total Amount, Joint and Several Amount and corresponding payee, if appropriate.):

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):

[✓] The defendant shall forfeit the defendant's interest in the following property to the United States:
    The following assets are forfeited pursuant to the terms of Defendant's Plea Agreement:
The real property located at 9520 Cutlers Trace, Dayton, Ohio 45458; and Lot 12, 9621 Tai Trace, Centerville, Ohio 45458; and Lot 32, 9635 Tai Trace, Centerville, OH 45458. Personal property consisting of the contents of Huntington National Bank Account No. ***2937 in the name of Michael E. Peppel; the contents of Huntington National Bank Account No. ***2814 in the name of Michael E. Peppel; the contents of Credit Suisse Account No. ***5145 in the name of Michael E. Peppel; the contents of Credit Suisse Account No. ***5966 in the name of Lynn Peppel; the contents of Credit Suisse Account No. ***1766 in the name of Peppel Family Ltd. Partnership; the contents of Credit Suisse Account No. ***5251 in the name of Natalie M. Peppel C/F Michael E. Peppel Jr. In the approximate amount of $256,237.37 at the time of seizure, except for $119,131.19 which represents the amount contained in the account prior to the offense; the contents of Credit Suisse Account No. 5319 in the name of Natalie M. Peppel C/F Marissa C. Peppel, in the approximate amount of $333,338.64 at the time of seizure, with the exception of $152,104.93 representing the money in the account prior to the offense conduct; the contents of Credit Suisse Account No. ***0901 in the name of Natalie M. Peppel C/F Maxwell V.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.

Peppel; the contents of Bears Stern Security Corp. Account No. ***4394 in the name of Michael E. Peppel and Natalie M. Peppel; the contents of Harbor Federal Savings Account No. ***5079 in the name of Lynn Peppel; the contents of Hilliard Lyons Account No. ***3432 in the name of Michael E. Peppel; the contents of William Blair & Co Account No. ***5240 in the name of Michael E. Peppel; the contents of William Blair & Co., Account No. ***6381 in the name of Michael E. Peppel; the contents of William Blair & Co. Account No. ***0118 in the name of 7804 LTD Partnership; one Ludovico Diluigi oil painting, "Ento ca D'oro" purchased for $20,000 from Gallena Ravagon, Venice, Italy; one Ludovico Diluigi bronze horse sculpture purchased for $9,000 from Carlo Ravagon, Geneva, Switzerland; $425,000 representing Vutex stock sale proceeds and subject to the Government's agreement to take no further action with respect to the portion of the proceeds ordered released by the Court to pay Defendant's attorney's fees; the contents of Oak Hill Account No. ***1445 in the name of Michael E. Peppel; the contents of RBC Centura Account No. ***6011 in the name of Lynn Peppel; and the contents of Charles Schwab Account No. ***8292 in the name of L.D..

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties; and (8) costs, including cost of prosecution and court costs.